**LEWIS BRISBOIS BISGAARD & SMITH** LLP
AMY L. GOLDMAN, State Bar No. 134088
amy.goldman@lewisbrisbois.com
SCOTT LEE, State Bar No. 204564
scott.lee@lewisbrisbois.com
DOAH KIM, State Bar No. 287071
doah.kim@lewisbrisbois.com
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for BRAD D. KRASNOFF,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARY S. MAXWELL,<br><br>    Debtor. | Case No.: 2:14-bk-27406-RK<br><br>Chapter 7<br><br>Adv No.: |
| BRAD D. KRASNOFF, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Mary S. Maxwell,<br><br>    Plaintiff,<br><br>v.<br><br>DON MATTHEWS and DEBRA MATTHEWS,<br><br>    Defendants. | **TRUSTEE'S COMPLAINT FOR AVOIDANCE OF PREFERENTIAL TRANSFER (11 U.S.C. §547(b)) AND RECOVERY OF AVOIDED TRANSFER (11 U.S.C. §550(a))** |

Plaintiff BRAD D. KRASNOFF ("Plaintiff" or "Trustee"), not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Mary S. Maxwell ("Debtor"), hereby alleges as follows:

/ / /

/ / /

4829-7218-0514.1

## JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, sections §§ 547(b), 550(a), 551 under title 11 of the United States Code (the "Bankruptcy Code").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue over this proceeding is proper in this Court pursuant to 28 U.S.C. §1409 as this adversary proceeding arises under and in connection with the above-captioned bankruptcy case (the "Bankruptcy Case") which is pending before this Court.

4. This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H), (O).

## PARTIES

5. Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate of the Debtor.

6. Plaintiff is informed and believes, and based thereon alleges that, at all relevant times herein, defendant Don Matthews ("Don") is an individual who currently resides California.

7. Plaintiff is informed and believes, and based thereon alleges that, at all relevant times herein, defendant Debra Matthews ("Debra") is an individual who currently resides California.

8. Plaintiff is informed and believes that Don and Debra (together, the "Defendants") are family relatives of the Debtor.

9. Plaintiff is informed and believes, and on that basis alleges that, Defendants are insiders of the Debtor pursuant to 11 U.S.C. §101(31).

## GENERAL ALLEGATIONS

10. Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 12, 2014 (the "Filing Date").

11. Plaintiff is informed and believes, and on that basis alleges that, the Defendants loaned Debtor $15,000.00 as an advancement towards the initial down payment on the purchase of a certain real property located in Valencia, California by the Debtor.

12. Plaintiff is informed and believes, and on that basis alleges that, on or about October 2, 2013, during the one (1) year period prior to the Filing Date (the "Preference Period"), a transfer of the Debtor's money or property was made by Debtor to the Defendants in an amount totaling not less than $15,000.00 (the "Preferential Transfer"). A copy of the cancelled check (Check No. 1162) evidencing the Preferential Transfer is attached hereto as Exhibit "A".

13. Plaintiff is informed and believes, and on that basis alleges that, the Preferential Transfer was made upon close of escrow of the Debtor's former residence located at 635 Myrtle Avenue, Glendora, California 916741 ("Myrtle Avenue Property").

## FIRST CLAIM FOR RELIEF

### (AVOIDANCE OF PREFERENTIAL TRANSFER (11 U.S.C. §547(b))

17. Plaintiff hereby realleges and incorporates herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 13, inclusive, of this complaint ("Complaint").

18. As stated above, as relatives of the Debtor, Defendants are insiders under § 101(31).

19. Plaintiff is informed and believes, and on that basis alleges that, the Preferential Transfer was made within one (1) year preceding the Filing Date, the Preference Period.

20. Plaintiff is informed and believes, and on that basis alleges that, the Preferential Transfer was made to or for the benefit of the Defendants.

21. Plaintiff is informed and believes, and on that basis alleges that, the Preferential Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendants before such transfer was made.

22. Plaintiff is informed and believes, and on that basis alleges that, the Preferential Transfers were made while the Debtor was insolvent and Debtor's debts exceeded her assets.

23. Plaintiff is informed and believes, and on that basis alleges that, the Preferential Transfer made by the Debtor enabled Defendants to receive more than Defendants would otherwise receive if (a) Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Preferential Transfer had not been made; and (c) Defendants received payment of the debt to the extent provided under the Bankruptcy Code.

24. Plaintiff is informed and believes, and on that basis alleges that, Defendants may have received other preferential transfer or transfers from the Debtor. Plaintiff will seek leave of Court to amend this Complaint to state the type, the amount and date of such transfer or transfers when the same have been ascertained.

25. Wherefore, Plaintiff seeks a judgment declaring that the Preferential Transfer and/or other transfer or transfers of Debtor's property to Defendants, made within the one (1) year of the Filing Date, are avoidable preferential transfers pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

## (RECOVERY OF AVOIDED TRANSFER (11 U.S.C. §550(a))

26. Plaintiff hereby realleges and incorporates herein by this reference, as though fully set forth in this cause of action, each and every allegation contained in Paragraphs 1 through 25, inclusive, of this Complaint.

27. Plaintiff is informed and believes, and on that basis alleges that Defendant was the initial transferee of the Preferential Transfers or the entity for whose benefit the Preferential Transfers were made.

28. Plaintiff is informed and believes, and on that basis alleges that, the Preferential Transfers made to Defendant are avoidable pursuant to 11 U.S.C. § 547(b).

29. Wherefore, Plaintiff seeks this Court's judgment declaring that the avoided transfers are recoverable from Defendant as the initial transferee or the entity for whose benefit the avoided transfer was made, or as the immediate or mediate transferee of such initial transferee, pursuant to 11 U.S.C. § 550(a), together with interest thereon at the legal rate from the date of demand therefore.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment on this Complaint, as it may be amended from time to time, as follows:

1. <u>On the First Claim for Relief</u>:

    a. Judgment in favor of Plaintiff for avoidance of the Preferential Transfer to Defendants.

4829-7218-0514.1                                    4

2. <u>On the Second Claim for Relief</u>:

    a. Judgment in favor of Plaintiff for recovery from Defendants the Preferential Transfer.

3. <u>As to All Claims for Relief</u>:

    a. Judgment in favor of Plaintiff and against Defendants for costs of suit incurred herein; and

    b. Granting to Plaintiff and against Defendants such other relief and further relief as the Court deems just and proper.

DATED: March 24, 2014          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
AMY L. GOLDMAN
SCOTT LEE
DOAH KIM
Attorneys for BRAD D. KRASNOFF,
Chapter 7 Trustee

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH LLP<br>AMY L. GOLDMAN, State Bar No. 134088<br>Amy.Goldman@lewisbrisbois.com<br>SCOTT LEE, State Bar No. 204564<br>Scott.Lee@LewisBrisbois.com<br>DOAH KIM, State Bar No. 287071<br>Doah.Kim@LewisBrisbois.com<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071<br>Telephone No. 213.250.1800<br>Facsimile No. 213.250.7900<br>*Attorney for Plaintiff* Brad D. Krasnoff, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br>MARY S. MAXWELL,<br><br>Debtor(s). | CASE NO.: 2:14-bk-27406-RK<br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| BRAD D. KRASNOFF, not individually, but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Mary S. Maxwell,<br><br>Plaintiff(s)<br>Versus<br><br>DON MATTHEWS and DEBRA MATTHEWS,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____  **Place:**
**Time:** _____  ☒ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____  ☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                     **KATHLEEN J. CAMPBELL**
                                                     **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                             By: _____
                                                     Deputy Clerk

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____ _____ _____
Date                                 Printed Name                         Signature

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
BRAD D. KRASNOFF, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Mary S. Maxwell

**DEFENDANTS**
DON MATTHEWS and DEBRA MATTHEWS

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
LEWIS BRISBOIS BISGAARD & SMITH LLP
Amy L. Goldman, State Bar No. 134088
Doah Kim, State Bar No. 287071
Scott Lee, State Bar No. 204564
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☒ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER UNDER 11 U.S.C. §§ 547(b) and 550(a).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint
Demand $ 15,000.00

4836-6319-4914.1

**Other Relief Sought**

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| MARY S. MAXWELL | 2:14-bk-27406-RK |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL DISTRICT | LOS ANGELES | ROBERT KWAN |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
|  |  |  |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**
*[signature]*

**DATE:** 3/24/15

**PRINT NAME OF ATTORNEY (OR PLAINTIFF):** Doah Kim

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.